# United States District Court
## for the Northern District of Oklahoma

Case No. 23-CR-00318-JDR

United States of America,

                              *Plaintiff*,

*versus*

Lerontez Sherod Hill; Bobbe Gener Taylor; Tashonna Leigh Anderson; Walter Jay Johnson; Kemareay Ki'Sean Green; Jeremiah Hamlin,

                              *Defendants.*

## OPINION AND ORDER

Before the Court is Defendants Lerontez Hill, Bobbe Gene Taylor, Walter Jay Johnson, and Jeremiah Hamlin's third motion to continue jury trial and extend deadlines for sixty (60) days. Dkt. 144. The remaining defendants do not object. The government objects. The Court GRANTS the motion.

Section 3161(h)(7)(A) of the Speedy Trial Act governs the Court's decision. This section allows a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute

Case No. 23-CR-00318-JDR

permits a court to consider whether "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007); *see also*, *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) (limiting the circumstances in which an ends of justice continuance can be granted and emphasizing that this should be a rarely used procedural tool). The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. The parties must provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The Defendants request additional time to complete review of discovery with their counsel. Dkt. 144 at ¶ 9. Discovery requests to the government also remain outstanding. *Id.* at ¶ 10. The Defendants also request this continuance to evaluate the effect that the 10th Circuit's recent ruling in *United States v. Murphy*, __ F.4th __ (10th Cir. 2024) will have on their case. *Id.* at ¶ 13.

All Defendants have executed a speedy trial waiver asking the Court to exclude any period of delay for an ends of justice continuance. Dkt. Nos. 145, 146, 147, 148, 149 and 150. In addition to considering Defendants' interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

Case No. 23-CR-00318-JDR

IT IS THEREFORE ORDERED that Defendants' third motion to extend the dates on the scheduling order, filed at Dkt. 144, is GRANTED. The parties are advised that no further extensions will be granted. The jury trial set for 6/17/24 at 9:30 a.m. is stricken. The following amended scheduling order will govern the case:

| | |
|---|---|
| Joint status report regarding production of discovery filed: | 6/7/2024 |
| Notices filed: | 6/14/2024 |

This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609.

| | |
|---|---|
| Motions to dismiss for insufficient indictment filed: | 6/14/2024 |
| Motions and objections to notices filed: | 6/21/2024 |

Absent good cause, motions in limine shall be filed by this date.

Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)

| | | |
|---|---|---|
| Pretrial conference: | 7/18/2024 | at 10:00 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 7/29/2024 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 8/1/2024 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 8/1/2024 | by 4:00 pm |
| Jury trial: | 8/5/2024 | at 9:00 am |

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

Case No. 23-CR-00318-JDR

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

IT IS FURTHER ORDERED that the time from 6/17/2024, inclusive, to 8/5/24, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

DATED this 21st day of May 2024.

_____
John D. Russell
*United States District Judge*