# United States District Court
## for the Northern District of Oklahoma

---

Case No. 23-CR-318-JDR

---

UNITED STATES OF AMERICA,

*Plaintiff*,

*versus*

LERONTEZ SHEROD HILL; BOBBE GENE TAYLOR; TASHONA LEIGH ANDERSON; WALTER JAY JOHNSON; KEMAREAY KI'SEAN GREEN; JEREMIAH HAMLIN,

*Defendants*.

---

## OPINION AND ORDER

---

Defendants Lerontez Sherod Hill, Bobbe Gene Taylor, Walter Jay Johnson, Kemareay Ki'sean Green, and Jeremiah Hamlin have been charged with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1), one count of robbery in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Dkt. 46. The Defendants argue that the Tenth Circuit Court of Appeal's recent ruling in *United States v. Murphy*, 100 F.4th 1184 (10th Cir. 2024), requires the Government to allege a "holding" beyond what is necessary to carry out the robbery, and failure to do so requires the Court to dismiss count two of the indictment pursuant to Rule 12(b)(3)(B)(iii) of the Federal Rules of Criminal Procedure or direct the Government to file a bill of particulars.[1] Dkt. 152. The Government argues that dismissal is not warranted

---

[1] Mr. Taylor, individually, filed the pending motion to dismiss count one. Dkt. 152. Mr. Johnson, Mr. Hill, Mr. Green, and Mr. Hamlin have joined the motion. Dkt. Nos. 161; 162; 165; 168.

No. 23-CR-318

because the holding in *Murphy* did not create an additional element for kidnapping. Dkt. 166 at 1. For the reasons set forth below, the motion is DE-NIED.[2]

A challenge to the sufficiency of an indictment is not a means to obtain discovery or test the merits of the government's case; instead, it is a vehicle for determining whether the allegations, taken as true, "are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962), and *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)). An indictment is "sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense." *Hall*, 20 F.3d at 1087 (citing *Russell v. United States*, 369 U.S. 749, 763-64 (1962) and *United States v. Walker*, 947 F.2d 1439, 1441 (10th Cir. 1991)). If these three elements are met, the indictment passes muster; the indictment need not allege in detail the factual proof that will be introduced to support the charges at trial. *United States v. Doe*, 572 F.3d 1162, 1173 (10th Cir. 2009) (quoting *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008)).

In *Murphy*, the Tenth Circuit held that "to sustain a kidnapping conviction under § 1201, the government must offer evidence showing that the defendant held the victim for an appreciable period of time." 100 F.4th at 1196. In further defining the "holding" requirement, the Tenth Circuit did not change the essential elements of a kidnapping offense—"that the victim be (1) held against his or her will (2) for some benefit to the captor." *United*

---

[2] After Mr. Taylor filed his motion to dismiss, the Government sought and obtained a second superseding indictment. Dkt. 170. The Government's three charges against the Defendants remain the same; the second superseding indictment made a minor revision to count two. *Id.* at 3. The new filing does not affect count one or the motion at issue, and it is thus ripe for review.

No. 23-CR-318

*States v. Gabaldon*, 389 F.3d 1090, 1094 (10th Cir. 2004) (citing *United States v. Walker*, 137 F.3d 1217, 1220 (10th Cir. 1998)). And an indictment is "generally sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense." *United States v. Salazar*, 720 F.2d 1482, 1486 (10th Cir. 1983). The superseding indictment charged the Defendants by tracking the exact language of the kidnapping statute:

> On or about August 17, 2021, in the Northern District of Oklahoma, the defendants . . . knowingly and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and held for ransom and reward, and otherwise, A.A. and G.A., persons knowns to the Grand Jury, and used the mail and any means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of the commission of the offense.

Dkt. 46 at 1-2. Because the Government's language in the indictment accuses the Defendants of holding the victims for some benefit, the Court holds that the first *Hall* requirement is satisfied; the indictment plainly sets forth the essential elements of the crimes charged.

The second and third *Hall* requirements are likewise satisfied. The indictment describes the conduct at issue—kidnapping and holding A.A. and G.A.—and the date on which the charged conduct took place. Dkt. 46 at 1. This recitation fairly apprises the Defendants of "what [they] must be prepared to defend against." *Hall*, 20 F.3d at 1087. Furthermore, a verdict based on the information in the superseding indictment would prevent the Government from asserting, in a future case, that the Defendants kidnapped and held A.A. and G.A. on the specified date. *See Doe*, 572 F.3d at 1174 (concluding that the recitation of the "date, place, and which church the defendants allegedly burned" was "sufficient to enable defendants to assert a double jeopardy defense should they face subsequent charges."). Thus, the indictment

3

No. 23-CR-318

satisfies *Hall*'s requirements; nothing more is needed. *See United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (concluding no further details were required where the indictment set forth the applicable statutory language, the date the illegal activity took place, and the controlled substance at issue).

The Defendants argue that the superseding indictment should specify the "appreciable period of time" during which the alleged kidnapping occurred. Dkt. 152 at 1. But this "amounts to a request for the facts that the government would rely on to support the charges." *United State v. Mobley*, 971 F.3d 1187, 1197 (10th Cir. 2020). The indictment need not provide such particulars. *See Salazar*, 720 F.2d at 1486 (rejecting argument that indictment lacked sufficient particularity where the indictment "contain[ed] the date of the illegal transactions, track[ed] the language [of the statute] and adequately set[] out the elements of the offense"); *United States v. Maxwell*, 534 F. Supp. 3d 299, 318 (S.D.N.Y. 2021) (concluding that the superseding indictment, which set forth open-ended time periods, described generic conduct such as "grooming," and did not identify minor victims by names, was nevertheless sufficient because it "describe[d] the time and place of the charged conduct in approximate terms," leaving the details to proof at trial (citation and internal quotation marks omitted)). Whether the Defendants held the victims in a manner that was separate from the other charges "goes to the merits of the Government's case, not the specificity of the charges." *Maxwell*, 534 F. Supp 3d at 318.

The Court also concludes that a bill of particulars is unnecessary in this case. Although this Court may, in its discretion, direct the filing of a bill of particulars,[3] it is not necessary to do so where "the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *Levine*, 983 F.3d at 167

---

[3] *See* Fed. R. Crim. P. 7(f); *see also United States v. Levine*, 983 F.2d 165, 166 (10th Cir. 1992)).

No. 23-CR-318

(quoting *Dunn*, 841 F.2d at 1030). The superseding indictment along with the Government's discovery provide the necessary details and adequately inform the Defendants of the charged conduct with enough specificity to allow for the preparation of a meaningful defense. Accordingly, the motion to dismiss count one of the superseding indictment [Dkt. 152] is DENIED.

DATED this 6th day of June 2024.

JOHN D. RUSSELL
*United States District Judge*